```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**MIDWESTERN MIDGET FOOTBALL CLUB INC.,**

    Plaintiff,

v.                                          Civil Action No. 2:14-cv-14634

**RIDDEL, INC.** and
**ALL AMERICAN SPORTS CORPORATION,**
doing business as **RIDDEL/ALL AMERICAN** and
**RIDDEL SPORTS GROUP, INC.** and
**EASTON-BELL SPORTS, INC.** and
**EASTON-BELL SPORTS, LLC** and
**EB SPORTS CORPORATION** and
**RBG HOLDINGS CORPORATION,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 25, 2014, all parties in this case filed a joint stipulation. That stipulation states that:

> After discussion between counsel for Plaintiff and counsel for the Previously Named Defendants, the Plaintiff has agreed to file, and has filed, an amended complaint naming only Riddell, Inc. as the Defendant in this action.
>
> The parties agree that, should Plaintiff later seek to again join any of the Previously Named Defendants to this action, they will not oppose the joinder on the grounds that the joinder itself is untimely. The Previously Named Defendants also agree that such joinder will relate back to the filing of the original class action complaint for purposes of any statute of limitations defense. The Previously Named Defendants retain all rights to oppose joinder on other grounds, or to oppose any amendment of the complaint in any other respect.

The parties also jointly stipulate that an answer or response to the amended complaint from the remaining Defendant, Riddel, Inc., shall be due on August 15, 2014.

At the time that the joint stipulation was filed on June 25, 2014, the plaintiff had not filed any amended complaint. Since then, the plaintiff filed, on July 1, 2014, an amended complaint naming Riddell, Inc. as the sole defendant.

Federal Rule of Civil Procedure 15(a) provides:

(a) Amendments Before Trial.

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The court notes that the docket does not reflect that any defendant has been served with a complaint in this case, although an attorney representing all defendants has filed a notice of appearance. Also, the parties have agreed to amendment of the complaint. The court further notes that Federal Rule of Civil Procedure 41(a)(ii) allows for voluntary dismissal of "an action . . . by filing a stipulation of

dismissal signed by all parties who have appeared." Either rule may effect dismissal of certain claims in an action. See Wilson v. Crouse-Hinds Co., 556 F.2d 870, 873 (8th Cir. 1977). In any event, in this case, both the requirements of Rule 15 and Rule 41 are satisfied.

However, Federal Rule of Civil Procedure 21 generally provides for the addition or removal of parties by court order: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21. Some courts have interpreted Rule 21 to require court approval when parties are altered in a case, even when the plaintiffs amend under Rule 15. See, e.g., Thorp v. Petrola, 81 F.R.D. 513, 514-15 (N.D.W.Va. 1979).

In an abundance of caution, the court finds amendment of the complaint and dismissal of the defendants other than Riddel, Inc, justified, as the parties have agreed to dismissal, no defendant has answered, the dismissal is without prejudice, the court finds no prejudice, and no class has been certified. Also, the defendants to be dismissed appear to be parent and daughter companies of Riddell, Inc. In addition, the court notes that while this case is a class action, the court is not obligated to abide by the procedure designated in Federal Rule of Civil Procedure 23, as that rule applies to voluntary

dismissals of the "claims, issues, or defenses of a certified class," and the class in this case has yet to be certified and no motion for class certification is pending.

Accordingly, it is ORDERED as follows:

(1) that defendants All American Sports Corporation, doing business as Riddell/All American, Riddell Sports Group, Inc., Easton-Bell Sports, Inc., Easton-Bell Sports, LLC, EB Sports Corporation, and RBG Holdings Corporation be, and they hereby are, dismissed from this action without prejudice;

(2) that the first amended complaint, filed July 1, 2014, shall remain as the operative complaint in this case;

(3) that defendant Riddell, Inc., may serve its answer or otherwise respond to the plaintiff's first amended complaint on or before August 15, 2014; and

(4) that this order shall in no way affect any obligations imposed by Federal Rule of Civil Procedure 4.

The Clerk is directed to forward copies of this order to counsel of record and any unrepresented parties.

DATE: July 3, 2014

John T. Copenhaver, Jr.
United States District Judge